ACR2_Verif Ans w CCs_Dr3 091819.doc

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------

| | |
|---|---|
| **WINDWARD BORA LLC,**<br><br>                              **Plaintiff,**<br><br>     -against-<br><br>**ANA C. REGALADO; NEW YORK CITY PARKING VIOLATIONS BUREAU,**<br><br>                              **Defendants.** | Index No.<br><br>1:19-cv-04413-DLI-RLM<br><br>VERIFIED ANSWER WITH COUNTERCLAIMS<br><br>Jury Demand |

---------------------------------------------------------------

Defendant Ana C. Regalado (the "Defendant") responds upon information and belief to the Plaintiff's Verified Complaint dated July 31, 2019 (the "Complaint") with her Verified Answer with Counterclaims, as follows:

1…     ADMITS each of the allegations in ¶ 1 of the Complaint, but DENIES that the Plaintiff is entitled to any of the relief sought.

2…     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 2 of the Complaint. The Plaintiff's sole member is a citizen of Morocco and Plaintiff is required to prove that the Plaintiff was validly created and validly existing.

3…     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 3 of the Complaint.

1

4…     DENIES the statements in sub-paragraphs (1) and (2) of ¶ 4; DENIES having knowledge or information needed to form a belief as to the validity or enforceability of the Note and Mortgage; but ADMITS the remaining allegations in ¶ 4 of the Complaint.

5…     ADMITS each of the allegations in ¶ 5 of the Complaint

6…     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 6 of the Complaint.

7…     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 7 of the Complaint.

8…     ADMITS the amount in controversy, but DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in ¶ 8 of the Complaint.  There is evidence that the principal place of business of the Plaintiff is in the Eastern District of New York and, possibly, that the Plaintiff's sole member may have his residence in New York.

9…     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 9 of the Complaint. If there is no subject-matter jurisdiction, there would be no venue as alleged.

10…    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 10 of the Complaint.

11…     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 11 of the Complaint.

12…     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 12 of the Complaint.

13…     ADMITS non-payment of the monthly payments starting April, 2016, but DENIES having knowledge or information sufficient to form a belief as to has the right to payment, as alleged in ¶ 13 of the Complaint.

14…     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 14 of the Complaint.

15…     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 15 of the Complaint.

16…     ADMITS each of the allegations in ¶ 16 of the Complaint, but DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that the Plaintiff is entitled to a response.

17…     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in ¶ 17 of the Complaint.

18…     DENIES having knowledge or information sufficient to form a belief that the Plaintiff is entitled to any of the relief set forth in ¶ 18 of the Complaint.

19…    DENIES having knowledge or information sufficient to form a belief that the Plaintiff is entitled to any of the relief set forth in ¶ 19 of the Complaint.

20…    DENIES having knowledge or information sufficient to form a belief that the Plaintiff is entitled to any of the relief or other matters set forth in ¶ 20 of the Complaint.

## AFFIRMATIVE DEFENSES

**[Note: At least some of the Defenses below are pleaded in the alternative by assuming *arguendo* that Plaintiff is entitled to enforce the Note and Mortgage]**

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### (Lack of Subject-Matter Jurisdiction)

21…    Upon information and belief, the Court lacks the subject-matter jurisdiction to hear and determine this action. There appears to be no diversity of citizenship.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

22.    Plaintiff, in its Complaint, failed to state a cause of action, or allege any facts, upon which any relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### (Plaintiff's Lack of Standing to Sue)

23. Upon information and belief, at the time it commenced this action, Plaintiff lacked the standing to sue. Plaintiff was not the holder or owner of the original note and mortgage that it seeks to enforce at the time of the commencement of this action, and Plaintiff was not authorized to enforce the original note and mortgage by their lawful owner and holder.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### (Plaintiff Is Not a Real Party in Interest)

24. Upon information and belief, Plaintiff is not a real party in interest in the alleged cause of action, and lacks the authority to bring, maintain and/or settle this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### (Lack of Essential Parties)

25. Upon information and belief, the note has been securitized by another party, and the Plaintiff has failed to include one or more essential parties, including the owner of the note and the investors who are required to approve any settlement of this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### (Non-Compliance with RPAPL § 1303)

26. Upon information and belief, Plaintiff failed to strictly comply with RPAPL § 1303.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### (Non-Compliance with RPAPL § 1304)

27. Upon information and belief, Plaintiff failed to strictly comply with RPAPL § 1304.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (Non-Compliance with RPAPL § 1306)

28. Upon information and belief, Plaintiff failed to strictly comply with RPAPL § 1306.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### (Non-Compliance with Banking Law Sections)

29. Upon information and belief, Plaintiff failed to strictly comply with the mandatory requirements of Banking Law Sections 595-a and 6-1 or 6-m, as well as any rules and regulations promulgated thereunder.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### (Violation of § 340 of the General Business Law and §§ 1-2 of the Sherman Act)

30. Violation of § 340 of the General Business Law (the "Donnelly Antitrust Act") and §§ 1-2 of the Sherman Antitrust Act (15 U.S.C.A §§ 1-2), as a combination agreement and/or conspiracy and boycott and group boycott in unreasonable restraint of trade, for not offering Defendant the opportunity to purchase the mortgaged property through a "short sale" while Plaintiff is willing to approve a short sale to anyone not related or affiliated with Defendant, and

requiring for any short sale that Defendant lose ownership and occupancy of the mortgaged property.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### (Inability to Comply with the Good-Faith Requirements of CPLR 3408(f))

31. Unclean hands of Plaintiff, by having unlawful practices (including antitrust violations) that unlawfully preclude the use of the conferencing part and good-faith negotiation requirements pursuant to CPLR § 3408(f) by excluding short sales and sale of the original note and mortgage to Defendant, because both of such transactions, if permitted by Plaintiff, would enable Defendant to retain ownership and occupancy of the mortgaged property.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Offer Purchase of Note at Fair Market Value)

32. Failure by Plaintiff and predecessors to offer Defendant the opportunity to purchase the original note and mortgage, as an alternative to foreclosure and sale, at the fair market for such note and mortgage.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### (Not Holder in Due Course; Personal Defenses are Available)

33. Plaintiff is not a holder in due course of the original note, with the result that Defendant's personal defenses are not cut off.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### (Non-Compliance with RPAPL § 1302)

34. Upon information and belief, Plaintiff failed to comply with the requirements of RPAPL §1302.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE
### (Defective Assignments)

35. Upon information and belief, assuming securitization of the note, one or more assignments of the note or mortgage occurred and reassignment to the Plaintiff and/or Plaintiff's predecessors were defective.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE
### (Violation of Federal and NY Antitrust Laws – Mortgage Insurance Requirement)

36. Violation of § 340 of the General Business Law (the "Donnelly Antitrust Act") and §§ 1-2 of the Sherman Antitrust Act (15 U.S.C.A §§ 1-2), as a combination agreement and/or conspiracy and boycott and group boycott in unreasonable restraint of trade, for the mortgagor to buy mortgage insurance, as a condition to obtaining the mortgage.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
### (Robo-signing)

37. Upon information and belief, one or more of the assignments relied upon by Plaintiff was "robo-signed" by an individual or individuals so that

8

the assignments were not made by an authorized person signing the assignments and appearing before a notary public.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

38. Plaintiff's action is time barred by New York's Statute of Limitations.

### AS AND FOR A NINETHEENTH AFFIRMATIVE DEFENSE
### (Breach(es) of Contract)

39. Plaintiff breached one more clauses and/or terms of the mortgage or other related document with respect to the Note, Mortgage and Property.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE
### (Unclean Hands)

40. Plaintiff filed this action seeking equitable relief of foreclosure despite having acted and despite its predecessors-in-interest having acted with unclean hands with respect to the business dealings involving Defendant, the Property and the Note and Mortgage and other related loan documents at issue.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Spoliation of Evidence)

41. Upon information and belief, the Plaintiff and its predecessors in interest have committed spoliation of material evidence to require dismissal of this action with prejudice.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Unsuitability of Loan)

42. The loan was unsuitable for Defendant in light of Defendant's financial position.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Default Statute of Limitations - Limited Recovery)

43. Assuming *arguendo*, that Plaintiff has deaccelerated a prior acceleration, Plaintiff's alleged damages are limited to the period of six years preceding the date of the commencement of this instant action.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to comply with Notice Requirements)

44. Upon information and belief, the Note has been sold, assigned and/or otherwise transferred to/by/between at least one other entity without notice to the Defendant.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

45. Plaintiff and/or a predecessor-in-interest have failed to mitigate damages.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Plaintiff Will Not Act in Good Faith)

46. Plaintiff is either a secret agent of an investment group and/or a vulture fund which purchases defaulted residential mortgage notes and mortgages

for purposes of foreclosure and sale, and has no interest in negotiating a loan-modification in good faith.

## COUNTERCLAIMS

### AS AND FOR A FIRST COUNTERCLAIM
### (Upon information and belief, Violation of 15 USC § 1641)

47. Counterclaim Plaintiff repeats each of the allegations made in the preceding paragraphs as if fully stated herein.

48. Upon information and belief, the Note has been sold, assigned and/or otherwise transferred to/by/between at least one other entity without any notice to the Counterclaim Plaintiff in violation of 15 USC § 1641.

49. Counterclaim Plaintiff requests an award of statutory damages in an amount to be calculated at a later date, but, in no event, in any amount less than $4,000.00 for each violation, pursuant to 15 USC § 1640 (a) (2), (A)(2)(iv).

### AS AND FOR A SECOND COUNTERCLAIM
### (Violation of RPL § 282)

50. Counterclaim Defendant has violated at least one provision of the terms of the mortgage or other relevant law.

51. As a result, Counterclaim Plaintiff is entitled to the recovery of legal fees and costs in defense of this instant action.

## AS AND FOR A THIRD COUNTERCLAIM
**(Reciprocal Attorney's Fees)**

52. Counterclaim Defendant seeks attorney's fees in its action, which entitles the Counterclaim Plaintiff to an award of attorney's fees if she should prevail in this action.

## **RELIEF**

**WHEREFORE**, the Defendant/Counterclaim Plaintiff respectfully requests that the instant action be dismissed with prejudice and costs and that the Court grant the following relief as to the Counterclaim Plaintiff's counterclaims, all of which (for purposes of brevity and accuracy) are incorporated by reference:

(1) As to the First Counterclaim, the relief requested in ¶ 49;

(2) As to the Second Counterclaim - the relief requested in ¶ 51;

(3) As to the Third Counterclaim - the relief requested in ¶ 52; and

(4) As to all three Counterclaims, such other and further relief which this Court deems just and proper.

**JURY DEMAND**

Defendant demands a jury trial of all issues required to be tried to a jury.

**Dated:  New York, New York
         September 18, 2019**

**LAW OFFICE OF CARL E. PERSON**

**By** _____
**Carl E. Person**
*Attorney for Defendant Ana C. Regalado*
**225 E. 36th St. - Suite 3A
New York NY 10016-3664
Tel:    212-307-4444
Fax:    212-307-0247
email:  carlpers2@gmail.com**

## **VERIFICATION BY ATTORNEY**

  Carl E. Person, an attorney duly admitted to practice before the courts of this state, affirms under the penalties of perjury that: I have read the foregoing Answer with Counterclaims and the same is true to my own knowledge except as to matters alleged to upon information and belief and as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with the Defendant and the husband of the Defendant and copies of Defendant's records in my possession. This affirmation is made by me because Defendant is not in the County in which my office is located.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

WINDWARD BORA LLC,

                              **Plaintiff,**

   -against-

ANA C. REGALADO; NEW YORK CITY
PARKING VIOLATIONS BUREAU,

                              **Defendants.**

-----------------------------------------------------------------

**Index No.**

**1:19-cv-04413-DLI-RLM**

**PROOF OF SERVICE**

    I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

    I am not a party to this action, am over 18 years of age, and on September 18, 2019, I served (on behalf of Defendant Ana C. Regalado), by eFiling, a true copy of the foregoing **VERIFIED ANSWER WITH COUNTERCLAIMS** to all other parties who have appeared in this action by attorney or otherwise, as follows:

| | |
|---|---|
| **Alan Smikun, Esq.** | alansm@nyclaw.com |
| **The Margolin & Weinreb Law Group, LLP** | *Attorneys for the Plaintiff,* |
| **165 Eileen Way** | *Windward Bora LLC* |
| **Syosset NY 11791** | Tel:  (516) 921-3838 |

**Dated:  New York, New York**
         **September 18, 2019**

                                               **By** _____
                                                       **Carl E. Person**

**Index No. 1:19-cv-04413-DLI-RLM**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------------------x**

**WINDWARD BORA LLC,**

                                      **Plaintiff,**

    **-against-**

**ANA C. REGALADO; NEW YORK CITY**
**PARKING VIOLATIONS BUREAU,**

                                      **Defendants.**

**---------------------------------------------------------------------------x**

## VERIFIED ANSWER WITH COUNTERCLAIMS

*with proof of service attached*

                                      **Carl E. Person**
                                      *Attorney for the Defendant,*
                                          *Ana C. Regalado*
                                      **225 E. 36th Street - Suite 3A**
                                      **New York NY 10016-3664**
                                       **Tel:   (212) 307-4444**
                                       **Fax:  (212) 307-0247**
                                       **Email:  carlpers2@gmail.com**