UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

WINDWARD BORA LLC,

        Plaintiff,

-against-

ANA C. REGALADO; NEW YORK CITY PARKING VIOLATIONS BUREAU,

        Defendant(s).

---------------------------------------------------------------X

**CIVIL ACTION NO.: 1:19-CV-04413-DLI-RLM**

Answer to Counterclaims and Affirmative Defenses

Plaintiff, **WINDWARD BORA LLC**, (hereinafter "Plaintiff"), by its attorneys THE MARGOLIN & WEINREB LAW GROUP, LLP, as and for its Answer to Defendant Ana C. Regalado ("Defendant") Verified Answer with Counterclaims filed on September 18, 2019 (hereinafter "Answer") alleges as follows:

Paragraph 21 through Paragraph 46 in Defendant's Answer are designated as "First Affirmative Defense" through "Twenty-Sixth Affirmative Defense" and no response is required. To the extent that a response is warranted, Plaintiff denies the allegations contained in Paragraph 21 through Paragraph 46 in their entirety.

Plaintiff denies the allegations set forth in the Defendant's paragraph entitled "WHEREFORE" in its entirety.

**ANSWER TO THE DEFENDANT'S FIRST COUNTERCLAIM-Violation of 15 U.S.C. §1641**

1. As and for a reply to the Defendant's paragraph entitled "As and for a First Counterclaim", Plaintiff alleges:

2. Plaintiff denies the allegations contained in paragraph 47.

3. Plaintiff denies the allegations contained in paragraph 48.

4. Plaintiff denies the allegations contained in paragraph 49.

**ANSWER TO THE DEFENDANT'S SECOND COUNTERCLAIM- Violation of RPL §282**

5. As and for a reply to the Defendant's paragraph entitled "As and for a Second Counterclaim", Plaintiff alleges:

6. Plaintiff denies the allegations contained in paragraph 50.

7. Plaintiff denies the allegations contained in paragraph 51.

**ANSWER TO THE DEFENDANT'S THIRD COUNTERCLAIM- Reciprocal Attorney's Fees**

8. As and for a reply to the Defendant's paragraph entitled "As and for a Third Counterclaim", Plaintiff alleges:

9. Plaintiff denies the allegations contained in paragraph 52.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

10. As and for its first affirmative defense, Plaintiff alleges that the counterclaims fail to state a cause of action against it upon which relief can be granted. Accordingly, the counterclaims must be dismissed.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

11. As and for its second affirmative defense, Plaintiff alleges that the counterclaims against it may not be properly interposed in the within action. Accordingly, the counterclaims must be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. As and for a third affirmative defense, Plaintiff alleges that the Defendant is estopped from interposing the counterclaims against Plaintiff. Accordingly, the Counterclaims must be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. As and for a fourth affirmative defense, Plaintiff alleges that Defendant has waived any rights to interpose the counterclaims against Plaintiff. Accordingly, the Counterclaims must be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. As and for a fifth affirmative defense, Plaintiff alleges that Defendant has waived all defenses against Plaintiff. Accordingly, the Counterclaims must be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. As and for a sixth affirmative defense, Plaintiff alleges that it has a defense founded upon documentary evidence. Accordingly, the Counterclaims must be dismissed.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16. As and for a seventh affirmative defense, Plaintiff alleges that Defendant's claims are barred by the expiration of the statute of limitations and statute of repose. Accordingly, the Counterclaims must be dismissed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. As and for an eighth affirmative defense, Plaintiff alleges that in the event any damages were sustained by Defendant, they were the proximate result of the Defendant's own culpable conduct. Accordingly, the Counterclaims must be dismissed.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18. As and for a ninth affirmative defense, Plaintiff alleges that any alleged loss by Defendant is solely due to his own acts, failure to act and lack of due diligence without cause or contribution thereto by Plaintiff. Accordingly, the Counterclaims must be dismissed.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19. As and for a tenth affirmative defense, Plaintiff alleges that the cause of action alleged in the Counterclaims are barred by laches. Therefore, the Counterclaims must be dismissed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

20. As and for an eleventh affirmative defense, Defendant fails to assert any factual basis for any of the purposed counterclaims as set forth in the Answer.

**WHEREFORE**, Plaintiff requests that Defendant's Answer with alleged defenses, set-offs and counterclaims be dismissed in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: Syosset, New York
October 2, 2019

By: /s/ *Alan Smikun*
Alan Smikun, Esq.
The Margolin & Weinreb Law Group, LLP
Attorneys for Plaintiff
165 Eileen Way, Suite 101
Syosset, New York 11791

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

WINDWARD BORA LLC,

             Plaintiff,

  -against-

ANA C. REGALADO; NEW YORK CITY PARKING VIOLATIONS BUREAU,

             Defendant(s).

---------------------------------------------------------------X

**CIVIL ACTION NO.: 1:19-CV-04413-DLI-RLM**

**CERTIFICATE OF SERVICE**

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NASSAU   )

     Alan Smikun, an attorney duly admitted to practice law before the Courts of the State of New York, herby affirms the following under penalties of perjury

     I am not a party to this action, I am over 18 years of age and I reside in Queens County, New York.

     On **October 2, 2019** I served a true copy of the annexed

**REPLY TO COUNTERCLAIMS**

by mailing same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

**CARL E. PERSON**
**Attorney for Defendant**
**225 E. 36th St. – Suite 3A**
**New York, NY 10016-3664**

                                                  /s/ *Alan Smikun*
                                                  ALAN SMIKUN, ESQ.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

WINDWARD BORA LLC,

        Plaintiff,

-against-

ANA C. REGALADO; NEW YORK CITY PARKING VIOLATIONS BUREAU,

        Defendant(s).

----------------------------------------------------------------X

**CIVIL ACTION NO.: 1:19-CV-04413-DLI-RLM**

---

**ANSWER TO COUNTERCLAIMS**

---

The Margolin & Weinreb Law Group, LLP
Attorneys for *Plaintiff*
165 Eileen Way, Suite 101
Syosset, New York 11791
516-945 6055
*ALAN SMIKUN, ESQ.*