UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WINDWARD BORA, LLC,                             :
                                                :
                        Plaintiff,              :
                                                :
           -against-                             :        **MEMORANDUM AND ORDER**
                                                :        19-cv-4413 (DLI)(TAM)
ANA C. REGALADO,                                :
                                                :
                        Defendant.              :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On July 31, 2019, Windward Bora, LLC ("Plaintiff") initiated this foreclosure action against Ana C. Regalado ("Defendant"),[1] seeking to foreclose a residential mortgage encumbering the real property at 110-35 Saultell Avenue, Flushing, New York, 11368, a/k/a 110-35 Saultell Avenue, Corona, New York 11368 ("Property").  *See*, Verified Compl. ("Compl."), Dkt. Entry No. 1.  On October 2, 2019, Defendant answered the complaint with affirmative defenses and counterclaims.  *See*, Verified Ans., Dkt. Entry No. 17.  On June 15, 2020, after an unsuccessful attempt at mediation, Defendant filed an amended answer, which, in part, added an affirmative defense and counterclaim alleging Plaintiff's violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.  *See*, Electronic Order, Oct. 31, 2019; Am. Ans, Dkt. Entry No. 38.  Plaintiff answered on June 23, 2020.  *See*, Pl.'s Ans., Dkt. Entry No. 39.  On March 2 and 3, 2022, the parties filed cross-motions for summary judgment, which were stricken due to numerous deficiencies.  *See*, Dkt. Entry Nos. 65-66; Electronic Order, Mar. 15, 2023.  The parties attempted mediation a second time, which again was unsuccessful.  *See*, Electronic Order, Aug. 10, 2023.

On November 29 and 30, 2023, the parties filed the instant motions for summary judgment.

---

[1] Defendant New York City Parking Violations Bureau was dismissed from the case on January 14, 2021.  *See*, Electronic Order, Jan. 14, 2021.

*See*, Def.'s Mot. Summ. J. ("Def.'s Mot."), Dkt. Entry No. 72; Pl.'s Mot. Summ. J. ("Pl.'s Mot."), Dkt. Entry No. 73.  Plaintiff contends that it is entitled to summary judgment because it has pled its *prima facie* case in support of foreclosure and all of Defendant's affirmative defenses and counterclaims should be stricken.  Defendant disputes that Plaintiff has established its *prima facie* case, and moves for summary judgment on her counterclaim that Plaintiff violated the TILA.  For the reasons set forth below, Plaintiff's motion for summary judgment on its *prima facie* case is denied, the motion to strike the affirmative defenses and counterclaims is granted in part and denied in part, and Defendant's motion for partial summary judgment on her TILA counterclaim is denied.

## BACKGROUND

**I.        Local Civil Rule 56.1 – Facts and Evidence Considered**

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 56.1") requires that a party moving for summary judgment submit "a separate, short and concise statement, in numbered paragraphs" setting forth material facts as to which there is no genuine issue to be tried.  *See*, Local Civ. R. 56.1(a).  A party opposing a motion for summary judgment shall submit papers that include "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried."  *See*, Local Civ. R. 56.1(b).  The facts set forth in the moving party's Rule 56.1 statement will be deemed admitted "unless specifically controverted by a correspondingly numbered paragraph" in the opposing party's Rule 56.1 counterstatement.  *See*, Local Civ. R. 56.1(c); *See also*, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001).  The refusal or inability to admit or dispute a

statement does not satisfy the rule's requirement to controvert that statement specifically. *Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp.2d 233, 248 (S.D.N.Y. 2014).

### A. Plaintiff's Rule 56.1 Statement

Plaintiff's Rule 56.1 Statement consists of eleven paragraphs. *See*, Pl.'s Rule 56.1 Statement ("Pl.'s 56.1"), Dkt. Entry No. 73-2. Defendant objects to four of the paragraphs, and includes six paragraphs of additional facts. *See*, Def.'s Rule 56.1 Counterstatement ("Def.'s Counterstatement"), Dkt. Entry No. 73-8. Plaintiff objects to two of Defendant's paragraphs, and states that it cannot admit to or dispute paragraph 14 because it was not a party to the purported event. *See*, Pl.'s Response to Def.'s Counterstatement, Dkt. Entry No. 73-14. As Plaintiff did not controvert paragraph 14 specifically, it is deemed admitted. *See*, *Whitehurst*, 998 F. Supp.2d at 248. The Court deems admitted the statements of fact in paragraphs 1-5, 9-10, 12, 14, and 16-17.

### B. Defendant's Rule 56.1 Statement

Defendant's Rule 56.1 Statement consists of ten paragraphs. *See*, Def.'s Rule 56.1 Statement ("Def.'s 56.1"), Dkt. Entry No. 72-2. Plaintiff partially objects to paragraph 2, fully objects to paragraph 8, and "cannot admit or dispute" paragraphs 9 and 10 due to lack of knowledge. *See*, Pl.'s Rule 56.1 Counterstatement ("Pl.'s Counterstatement"), Dkt. Entry No. 72-12. Plaintiff also offers two statements of additional material facts, to which Defendant does not object. *Id.*; *See also*, Def.'s Response to Pl.'s Counterstatement, Dkt. Entry No. 72-20. The Court deems admitted the statements of fact in Defendant's paragraphs 1, 2 (partially), 3-7, and 9-10, and Plaintiff's paragraphs 1 and 2.

## II.    Factual Background

In reviewing this motion for partial summary judgment, the Court has considered only facts that have been established by admissible evidence and disregarded conclusory allegations and

legal arguments contained in the Rule 56.1 Statements.  *See*, *Holtz*, 258 F.3d at 73.  The Court also has exercised its discretion to "conduct an assiduous review of the record" in order "to consider what the parties [have] fail[ed] to point out in their Local Rule 56.1 Statements."  *Id.* (internal quotation marks and citation omitted).

      Plaintiff is a single member limited liability company whose sole member, Yonel Devico, is a citizen of the state of Florida.  *See*, Pl.'s 56.1 ¶ 1.  Defendant is a citizen of the state of New York.  *Id.* ¶ 2.  Defendant is the record owner of the Property, which she purchased on May 9, 2007.  *See*, Def.'s 56.1 ¶¶ 1-2.  On that date, Defendant entered into two mortgage loan agreements.  The first was with MortgageIT for $692,000.  *See*, Def.'s 56.1 ¶ 4.  The second mortgage loan agreement, the subject of this case, was with National City Bank ("NCB") for $172,950 ("Subject Loan"), and was executed through an Equity Reserve Agreement for $172,950 ("Note") and secured by a mortgage between Defendant and NCB ("Mortgage").  *See*, Def.'s 56.1 ¶ 4-5; Pl.'s 56.1 ¶¶ 3-4.  The full value of the Note was disbursed to Defendant on May 9, 2007, and used in its entirety for the purchase of the Property and associated closing fees.  *See*, Def.'s 56.1 ¶ 6.

      Defendant executed the Acknowledgement of Receipt of Disclosures for the Subject Loan on May 9, 2007.  *See*, Pl.'s Counterstatement ¶ 1.  She kept all documents given to her at the closing of both the MortgageIT loan and the Subject Loan.  *See*, Def.'s 56.1 ¶ 9.  Except for the papers attached to her affidavit in support of her motion for summary judgment, Defendant did not receive any other documents relating to NCB on or before the closing date of May 9, 2007.  *Id.* ¶ 10.  Defendant has not made any payments toward the Subject Loan since approximately June 2015, when she made payments toward the 2MP Trial Payment Plan ("2MP Plan"), a federal program designed to modify or extinguish qualifying mortgages.  *See*, Def.'s Counterstatement ¶ 12; Def.'s Opp'n 21.

4

The Mortgage was assigned from NCB to PNC Bank, National Association ("PNC") as a result of PNC being a successor by merger to NCB.  *See*, Ramer Aff. Ex. D, Page ID No. 1335, Dkt. Entry No. 73-4.  On September 20, 2018, the Mortgage, with the Note, was assigned from PNC to U.S. Mortgage Resolution LLC.  *See*, Pl.'s 56.1 ¶ 5; Ramer Aff. Ex. D.  Then, on March 29, 2019, the Mortgage was assigned to Plaintiff.  *See*, Pl.'s 56.1 ¶ 5.  Defendant never received communications from U.S. Mortgage Resolution LLC.  *See*, Def.'s Counterstatement ¶ 14.  Defendant did receive a "Welcome Letter" dated April 10, 2019, from Plaintiff.  *See*, Pl.'s Counterstatement ¶ 2.

On April 30, 2019, at Plaintiff's instruction, Plaintiff's counsel prepared and sent to Defendant Demand Letters and the 90-Day Notice pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1304, and completed the Proof of Filing Statement pursuant to RPAPL § 1306 with the New York Department of Financial Services.  *See*, Pl.'s 56.1 ¶¶ 9-10.  On July 31, 2019, Plaintiff commenced this foreclosure action against Defendant.

On October 29, 2020, Defendant visited Plaintiff's counsel's office and inspected the original "wet ink" note and purported allonge[2] at issue in this case.  *See*, Def.'s 56.1 ¶ 16.  Defendant was given an opportunity to examine the documents and she retained photographs of the "wet ink" note and purported allonge as they appeared during the inspection.  *Id.*  The photographs accurately depict the promissory note as it appeared on the day that Ms. Regalado inspected it.  *See*, Def.'s Counterstatement ¶ 17; Regalado Aff. for Opp'n ¶ 24, Dkt. Entry No. 73-9; Regalado Aff. for Opp'n Ex. B, Dkt. Entry No. 73-11.

---

[2] An allonge is a "slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements."  Allonge, Black's Law Dictionary (12th ed. 2024).

**LEGAL STANDARD**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A genuine factual dispute exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Truitt v. Salisbury Bank & Tr. Co.*, 52 F.4th 80, 85 (2d Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the moving party meets its initial burden of demonstrating the absence of genuine issues of material fact, "the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists." *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir. 1993). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). Instead, the nonmoving party affirmatively must set out facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 250. "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"[W]here the nonmoving party bears the burden of proof as to a particular issue, the moving party may satisfy his burden under Rule 56 by demonstrating an absence of evidence to support

an essential element of the nonmoving party's claim . . . . Where the moving party has attempted to demonstrate that the nonmoving party's evidence is insufficient as a matter of law to establish his claim, the burden shifts to the nonmoving party to come forward with persuasive evidence that his claim is not 'implausible.'" *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir. 1991).

## ANALYSIS

### I.     Plaintiff's Motion for Summary Judgment on its *Prima Facie* Case

Plaintiff contends that it has established its *prima facie* case for foreclosure. *See*, Pl.'s Mot. 5. Defendant opposes on the basis that there are issues of fact regarding Plaintiff's evidence of default, standing, and compliance with conditions precedent to commencing a foreclosure action. *See*, Def.'s Opp'n 5, Dkt. Entry No. 73-12.

Under New York law, a plaintiff must establish three elements to sustain a foreclosure claim: "(1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp.3d 71, 79 (E.D.N.Y. 2019) (quoting *United States v. Paugh*, 332 F. Supp.2d 679, 680 (S.D.N.Y. 2004); *See also*, *West Coast 2014-7, LLC v. Moses*, 2022 WL 20703851 (E.D.N.Y. Oct. 27, 2022) ("[T]he plaintiff must show the existence of a debt, secured by a mortgage, and a default on that debt."). Once Plaintiff makes an affirmative showing of these elements, Defendant must make an affirmative showing that a defense to the action exists. *See*, *Builder Banks v. Charm Developments II, LLC*, 2010 WL 3463142, at *3 (E.D.N.Y. Aug. 30, 2010). If a defendant contests standing to foreclose, "the plaintiff must prove its standing as part of its prima facie showing." *CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 336 (2d Cir. 2021)

7

(summary order) (quoting *JPMorgan Chase Bank, N.A. v. Weinberger*, 142 A.D.3d 643, 644 (2d Dept. 2016).

### A. Existence of Mortgage and Note

Plaintiff has demonstrated, and Defendant does not dispute, the existence and validity of the Mortgage and Note. *See*, Compl. Ex. C (Mortgage), Dkt. Entry No. 1-3; Compl. Ex. D (Note), Dkt. Entry No. 1-4. Instead, Defendant's challenges to the Mortgage and Note relate to their subsequent transfer and assignment to Plaintiff, which are matters of standing, discussed below.

### B. Default

There does not appear to be a dispute of fact that Defendant is in default. Defendant concedes that she "has not made any payments toward the Subject Loan since approximately June 2015, when she made payments toward a 2MP Trial Payment Plan." *See*, Def.'s Counterstatement ¶ 12. Nonetheless, Defendant challenges evidence of default due to lack of proof and purported inadmissibility of Plaintiff's evidence. *See*, Def.'s Opp'n 15-23. However, "material relied on at summary judgment need not be admissible in the form presented to the district court. Rather, so long as the evidence in question 'will be presented in admissible form at trial,' it may be considered on summary judgment." *Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017) (summary order) (quoting *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001) (per curiam)). Defendant attempts to raise questions regarding Plaintiff's proof of default, such as the affiants' personal knowledge of Defendant's payment history and the origin of certain documents, but such questions are moot in light of Defendant's concession that she has not made a payment since 2015.

Defendant also disputes default on the basis that there are questions regarding whether the loan was modified or extinguished under the 2MP Plan. *See*, Def.'s Opp'n 20-23; Regalado Aff. for Opp'n ¶¶ 8-16; Regalado Aff. for Opp'n Ex. A, Dkt. Entry No. 73-10. Upon review of the

8

pertinent documents, there is no triable issue regarding modification or extinguishment of the mortgage. The 2MP Plan documents plainly required Defendant to sign and return the "2MP Modification Agreement" in order to take effect. *See*, *e.g.*, Regalado Aff. for Opp'n Ex. A, Page ID Nos. 1434 (¶¶ 4-8) & 1438 (¶¶ 1(b)-(d)). There is no evidence that Defendant timely and properly executed and returned the required documents, even if she made payments of $392.76 on March 29, May 31, and June 30, 2015. *See*, Regalado Aff. for Opp'n Ex. A, Page ID Nos. 1431, 1449 & 1451. Defendant concedes as much in her affidavit, in which she attests that she received the 2MP Plan documents, which "were confusing to" her, and she believed that, if she made trial period payments, she would be approved for the program and, ultimately, the "Subject Loan would no longer exist as a second mortgage." *See*, Regalado Aff. for Opp'n ¶¶ 8-11. She fails to assert that she signed and returned the documents. Defendant's confusion or mistaken beliefs about the nature and requirements of the 2MP Plan have no effect on whether she defaulted.

Finally, Plaintiff has offered proof of Defendant's nonpayment. For example, Defendant's "Borrower Statement of Account" with FCI Lender Services, Inc. shows no payments by Defendant between March 20, 2016, and January 20, 2022, and a fixed balance of $170,505.89. *See*, Weinreb Decl. Ex. H, Dkt. Entry No. 73-3. The "Loan History Summary" with Land Home Financial Services, Inc. from April 10, 2019, to January 29, 2021, shows no payments. *See*, Ramer Aff. Ex. E. In sum, and in light of Defendant's concession as to nonpayment, there is no genuine dispute that Defendant is in default.

    **C.**    **Notice**

Defendant contends that Plaintiff did not provide proper notice of default. RPAPL § 1303 requires foreclosure notices to "be in bold, fourteen-point type and shall be printed on colored paper that is other than the color of the summons and complaint, and the title of the notice shall be

in bold, twenty-point type." Failure to comply with the notice requirement is fatal to a party's foreclosure claim. *See*, *McCormick 110, LLC v. DeCosta*, 2020 WL 4812784, at *2 (E.D.N.Y. Aug. 19, 2020) ("There is no question that failure to provide the required [RPAPL] notice will result in dismissal of a foreclosure claim.").

"Affidavits of service enjoy a presumption that service was proper." *McCormick 110, LLC v. DeCosta*, 2020 WL 1503380, at *4 (E.D.N.Y. Jan. 28, 2020), *R. & R. adopted*, 2020 WL 4812784 (E.D.N.Y. Aug. 19, 2020) (citing *Hoyer*, 362 F. Supp.3d at 84-85, 88-89). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing." *U.S. Bank, N.A. v. Tauber*, 140 A.D.3d 1154, 1155 (2d Dept. 2016) (internal citations omitted); *Cf.*, *Nationstar Mortg., LLC v. Kamil*, 155 A.D.3d 968, 968 (2d Dept. 2017) (finding defense attorney's affirmation that defendant did not receive the RPAPL § 1303 Notice was a "bare and unsubstantiated denial of receipt" that "was insufficient to rebut the presumption of proper service created by the affidavit of service"). In *Bank of America, N.A. v. Lauro*, 186 A.D.3d 659, 660 (2d Dept. 2020), the court found that defendant had raised a triable issue of fact regarding compliance with RPAPL § 1303 by asserting in his affidavit that the notice was served on white paper in a font size smaller than required by statute.

Here, Plaintiff provided proof of service of the summons and complaint, in which the deponent of the affidavit of service swore that she served Defendant with the "1303 NOTICE- Help for Homeowners in Foreclosure in bold fourteen-point type and printed on colored paper . . . ." *See*, Aff. of Service, Dkt. Entry No. 10. However, Defendant swears that she did not receive the notice and that all documents included with the summons and complaint were on white

paper. *See*, Regalado Aff. for Opp'n ¶¶ 21-22. Plaintiff did not include a copy of the RPAPL § 1303 notice with the complaint, and the copy of the RPAPL § 1303 notice attached to the Weinreb Declaration was in black and white, while other exhibits were in color. *See*, Compl.; Weinreb Decl. Exs. A, D, G & H.

It is axiomatic that someone cannot prove the nonexistence of something that does not exist. Defendant rebutted Plaintiff's claims of notice with specific facts in her affidavit, and the Court does not have before it a compliant RPAPL § 1303 Notice. As there is a triable issue of fact regarding compliance with RPAPL § 1303, Plaintiff has not proven its *prima facie* case. Accordingly, Plaintiff's motion for summary judgment is denied. The Court need not address standing as it relates to Plaintiff's *prima facie* case, but will address it below with respect to Plaintiff's motion to strike the affirmative defense for lack of standing.

## II. Defendant's Affirmative Defenses and Counterclaims

Plaintiff moves to strike all ten affirmative defenses and three counterclaims raised by Defendant on the basis that there are no disputes of material fact with respect to them. Defendant separately moves for summary judgment with respect to her affirmative defense and counterclaim that Plaintiff is liable for alleged violations of the TILA.

"Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support an essential element of the non-moving party's case." *FDIC v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994). "[W]here there is an absence of evidence to support an essential element of a defense, with respect to that defense 'there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the [affirmative defense] necessarily renders

11

all other facts immaterial.'" *Id.* at 54-55 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). The failure to oppose a motion to strike affirmative defenses may render the defenses abandoned. *See*, *Koehler v. Metro. Trans. Auth.*, 2021 WL 3634777, at *16 (E.D.N.Y. Aug. 17, 2021); *See also*, *Hoyer*, 362 F. Supp.3d at 85 (noting that defendants failed to address plaintiff's arguments regarding the affirmative defenses, "suggesting that these defenses have been abandoned").

As discussed above, Plaintiff's motion to strike the affirmative defense for compliance with RPAPL § 1303 is denied as there are triable issues of fact related thereto. Additionally, Defendant did not oppose the motion to strike Affirmative Defenses 1 (subject matter jurisdiction), 4 (noncompliance with RPAPL § 1304), 5 (noncompliance with RPAPL § 1304), 6 (noncompliance with RPAPL § 1302 and Banking Law §§ 595-a, 6-1 and 6-m), 8 (noncompliance with contractual conditions precedent), and 9 (failure to mitigate damages), and Counterclaim 3 (attorney's fees and costs). As Defendant failed to oppose the motion, or otherwise support the defenses and counterclaim with admissible evidence, she has abandoned them. The motion to strike these affirmative defenses and counterclaim is granted.

### A. Standing

Plaintiff moves to strike Defendant's affirmative defense that Plaintiff lacks standing to bring this foreclosure action. To prove standing, Plaintiff must "demonstrate that it was the holder or assignee of the mortgage and note when the action was commenced." *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 29 (2d Cir. 2017). Defendant contends, and Plaintiff disputes, that Plaintiff has failed to establish through undisputed facts that it was either the assignee or holder of the Note. *See*, Def.'s Opp'n 5-14; Pl.'s Mot. 7-10; Pl.'s Reply, Dkt. Entry No. 73-15.

### i. Standing by Assignment of the Note

Under New York law, "written assignment . . . is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015). The note specifically must be assigned, since "assignment of a mortgage without the accompanying note does not provide the assignee with a right to the debt." *Id.* (citing *Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355 (2015)). Written assignment of a note may be completed through reference to the note in the mortgage assignment, but the language must be clear. *See*, *West Coast 2017-4*, 2022 WL 20703851, at *6.

Here, there is a question of fact as to whether the Plaintiff was assigned the Note, even though it appears undisputed that Plaintiff was assigned the Mortgage. *See*, Pl.'s 56.1 ¶¶ 3, 5; Ramer Aff. Ex. D, Page ID Nos. 1334-37; Compl. Ex. E, Dkt. Entry No. 1-5. The Note initially was executed on May 9, 2007 by Defendant in favor of NCB, which then passed to PNC by merger. *See*, Pl.'s 56.1 ¶ 4; Ramer Aff. Ex. D, Page ID No. 1335. On September 20, 2019, the Note was assigned, with the Mortgage, to U.S. Mortgage Resolution LLC: the Mortgage assignment states that it was being executed, "Together with the Note or Notes therein described or referenced thereto . . . ." *See*, Ramer Aff. Ex. D, Page ID No. 1335. Contrary to Plaintiff's assertions, the subsequent assignment of the Mortgage from U.S. Mortgage Resolution LLC to Plaintiff on March 29, 2019, lacks similar language that references the Note. *Id.* at Page ID No. 1339; *See also*, Pl.'s Reply 3. That Mortgage assignment was executed "together with all moneys now owing or that may hereafter become due or owing in respect thereof," but it is not clear that this language thereby assigns the Note. *See*, Ramer Aff. Ex. D, Page ID No. 1339. Thus, there is a dispute of fact as to the assignment of the Note.

13

The purported allonge to the Note, dated March 29, 2019, from U.S. Mortgage Resolution LLC to Plaintiff, does not rectify this deficiency. *See*, Ramer Aff. Ex. B, Page ID No. 1323. The allonge is not pertinent to the question of assignment, but to the question of Plaintiff's status as holder, as allonges help show physical possession of a note at the time a foreclosure action commences. *See, e.g.*, *U.S. Bank Tr., N.A. for Volt Asset Holdings NPL3 v. Varian*, 156 A.D.3d 1255, 1257 (3d Dept. 2017) (noting that plaintiff's possession of the note and accompanying allonges "demonstrated that plaintiff was the *holder* of the note" (emphasis added)); *Wells Fargo Bank, N.A. v. Burke*, 52 Misc. 3d 944, 954 (N.Y. Sup. Ct., Suffolk Cnty. 2016), *aff'd*, 166 A.D.3d 1054 (2018) ("[T]he presence of an indorsement or allonge is required only to accomplish negotiation, *not an assignment* of a note by its mere delivery." (emphasis added)); *In re Idicula*, 484 B.R. 284, 289 (Bankr. S.D.N.Y. 2013) (noting that the allonge not in evidence "raises a question of the purpose that an allonge would serve," which is that "[d]elivery and possession of the original note would be sufficient to transfer ownership of the Note").

The question as to Plaintiff's standing by assignment will be reserved for trial. *See*, *Assets Recovery 23, LLC v. Gasper*, 2024 WL 2292349, at *4-5 (E.D.N.Y. May 20, 2024) (denying summary judgment and reserving for trial the question of standing in a foreclosure action); *HSBC Bank USA, N.A. v. Thomas*, 46 Misc. 3d 429, 434 (N.Y. Sup. Ct., Kings Cnty. 2014) ("As there still remain questions of fact as to whether the notes and CEMA were negotiated or transferred to Plaintiff before commencement of the action, summary judgment dismissing Defendant's affirmative defense of lack of standing is inappropriate."). Accordingly, the motion to strike the affirmative defense for lack of standing based on assignment is denied.

### ii.     Standing as Holder of the Note

Plaintiff alternatively contends that it has standing as holder of the Note. "Under New York Law, a holder is someone that is 'in possession of a *negotiable instrument* that is payable either to bearer or to an identified person that is the person in possession.'" *West Coast 2014-7*, 2022 WL 20703851, at *5 (emphasis in original) (quoting N.Y. U.C.C. § 1-201(b)(21)(A)). A negotiable instrument is a writing that must: (1) "be signed by the maker or drawer"; (2) "contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this Article"; (3) "be payable on demand or at a definite time"; and (4) "be payable to order or to bearer." N.Y. U.C.C. § 3-104(1). Not all notes are presumptively negotiable instruments. *See*, *West Coast 2014-7*, 2022 WL 20703851, at *5 (citing cases in the Eastern District of New York).

In *West Coast 2017-4 v. Moses*, the court addressed standing in a foreclosure action under similar factual circumstances to those here. The court found that the note, an "Equity Reserve Agreement," was not a negotiable instrument because it: (1) allowed the borrower "to obtain cash advances from time to time"; (2) allowed the borrower to obtain a credit card to draw on the line of credit; and (3) required payments that depended on previous monthly payments, the applicable interest rate, and related charges. *Id.* The note could not be a negotiable instrument under N.Y. U.C.C. § 3-104(1) because there was not "an unconditional promise to pay a sum certain." *Id.*

Here, Defendant contends that the Note, an "Equity Reserve Line of Credit," is not a negotiable instrument because: (1) it permitted Defendant "to obtain cash advances . . . from time to time"; (2) it allowed the bank to extend the draw period or refinance the line of credit; (3) it allowed Defendant to obtain a credit card to acquire cash advances on the line of credit; (4) the total amount due under the Note depended on monthly payments, applicable interest rate, related

15

charges, and whether she drew on the line of credit; and (5) it contained no provision for the payment of a sum certain. *See*, Def.'s Opp'n 8; *See also*, Note 1. Plaintiff does not refute these representations. *See*, Pl.'s Reply 3-5. Upon its own review of the Note, the Court concurs with Defendant. These aspects of the Note indicate that there is not an unconditional promise to pay a sum certain, and, thus, the Note is not a negotiable instrument. As a result, Plaintiff cannot be a holder. Accordingly, Plaintiff has not demonstrated standing on this basis, and the motion to strike the affirmative defense is denied. The Court need not address the parties' other arguments regarding standing at this time.

### B.   Statute of Limitations

Plaintiff moves to strike Defendant's affirmative defense regarding the statute of limitations. *See*, Pl.'s Mot. 16-18. Defendant opposes on the basis that Plaintiff has failed to show default. *See*, Def.'s Opp'n 23. As discussed above, Plaintiff has established default. Defendant defaulted on her mortgage payments on April 1, 2016, and this action was commenced July 31, 2019, well within the six-year statute of limitations. *See*, Ramer Aff. ¶ 11 & Ex. E. Accordingly, Plaintiff's motion to strike this affirmative defense is granted.

### C.   TILA Violations

Defendant moves for summary judgment on her counterclaim that Plaintiff is liable for violations of the TILA and, therefore, she is entitled to statutory damages and reasonable attorney's fees and costs. Defendant contends that: (1) the Subject Loan was subject to the TILA's disclosure requirements; (2) Defendant did not receive the disclosures as required by the TILA; and (3) if the Court finds that Plaintiff is assignee of the Note, which Defendant disputes, then Plaintiff is liable for the violations. *See*, Def.'s Mot. 6, 17. Plaintiff opposes and separately moves to strike the affirmative defense and counterclaim on the basis that: (1) the counterclaim is barred by the statute

of limitations; and (2) Plaintiff cannot be held liable for TILA violations committed by its predecessors. *See generally*, Pl.'s Opp'n, Dkt. Entry No. 72-18. As an initial matter, the question of fact as to assignment of the Note is a threshold matter that requires the Court to deny both Defendant's motion for summary judgment on the TILA counterclaim and Plaintiff's motion to strike. Nonetheless, the Court addresses the parties' additional arguments regarding the TILA.

Congress enacted the TILA to protect consumers from the "uninformed use of credit." *See*, *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Under the TILA, creditors must "provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Id.* (citing 15 U.S.C. §§ 1631, 1632, 1635 & 1638). Congress authorized the Federal Reserve Board, now the Consumer Financial Protection Bureau, to promulgate rules to the implement TILA, including disclosure requirements, which are established in Regulation Z. *See*, 15 U.S.C. § 1604(a); 12 C.F.R. § 226 *et seq*. Among other things, Regulation Z sets forth disclosure requirements that differ depending on whether the line of credit is open end or closed end. *See*, 12 C.F.R. §§ 226.5, 226.17. The Court need not address whether the Note is open end or closed end, which the parties dispute, since Plaintiff does not dispute that NCB failed to provide required disclosures in violation of the TILA.

Plaintiff's contention that the TILA counterclaim is time barred by the one-year statute of limitations pursuant to 15 U.S.C. § 1640(e) is unavailing. That provision explicitly states that a person is not barred "from asserting a violation of [the TILA] in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation *as a matter of defense* by recoupment or set-off in such action." 15 U.S.C. § 1640(e) (emphasis added). Courts consistently permit TILA counterclaims beyond the one-year limit to offset damage awards. *See*, *Beach*, 523 U.S. at 412 (permitting a borrower to assert a TILA counterclaim as a defense by

17

recoupment or set-off "even after the one year is up"); *Williams v. Ocwen Loan Servicing, LLC*, 2020 WL 5757640, at *10 (E.D.N.Y. Sept. 27, 2020) (denying plaintiff borrower's TILA claim as time barred because she filed suit against the lender, as opposed to raising it as a defense); *Delta Funding Corp. v. Murdaugh*, 6 A.D.3d 571, 571-72 (2d Dept. 2004) (permitting the TILA counterclaims as timely to "offset any damage award or deficiency judgment that might be made in favor of the plaintiff and against" defendant). Here, the TILA counterclaim is not time barred.

Plaintiff alternatively contends that it is not liable for TILA violations by NCB, the original creditor, as Plaintiff is an assignee. Notwithstanding the dispute of fact as to assignment, Plaintiff's contention that "[a]ssignee liability under TILA is much more limited than creditor liability" is without merit. *See*, Pl.'s Opp'n 8. Plaintiff provides no controlling authority for this proposition, relying only on a few cases from outside this Circuit. Moreover, the TILA explicitly allows for claims to be raised "against any assignee of such creditor only if (A) the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this subchapter; and (B) the assignment to the assignee was voluntary." 15 U.S.C. § 1641(e)(1). There is no dispute that there were disclosure violations and there have been no allegations that any assignment was involuntary.

Plaintiff also makes a brief and conclusory claim that the TILA counterclaim is "unproven." Pl.'s Opp'n 4. To the contrary and as discussed above, Defendant has offered supporting evidence, which Plaintiff has not refuted substantively.

Defendant contends that she is entitled to statutory damages and reasonable attorney's fees and costs as a result of a finding that Plaintiff is a valid assignee and liable for the TILA violations. *See*, 15 U.S.C. § 1640(a). Plaintiff does not dispute the availability of such a remedy, but the Court presently lacks sufficient information to determine the appropriate amount of damages and

attorney's fees and costs. As the question of assignment is unresolved, Defendant's motion for summary judgment on her TILA counterclaim is denied and Plaintiff's motion to strike this affirmative defense and counterclaim is denied.

### D. Violation of 15 U.S.C. § 1641(g)

Plaintiff contends that Defendant's counterclaim for the alleged violation of 15 U.S.C. § 1641(g) should be dismissed because it sent Defendant the notification timely. *See*, Pl.'s Mot. 20-21. An assignee must "notify the borrower in writing" of the transfer of the mortgage no later than 30 days after assignment. *See*, 15 U.S.C. § 1641(g)(1). Notwithstanding Defendant's failure to oppose the request to strike this counterclaim, the Court observes that, while Plaintiff supposedly notified Defendant of the assignment on or about April 10, 2019, there is no proof that the notice was mailed to, let alone received by, Defendant. *See*, Weinreb Decl. Ex. G. Accordingly, there is a dispute of fact with respect to compliance with Section 1641(g), and the motion to strike this counterclaim is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment on its *prima facie* case is denied, Plaintiff's motion to strike affirmative defenses and counterclaims is granted in part and denied in part, and Defendant's motion for partial summary judgment on its TILA counterclaim is denied.

SO ORDERED.

Dated:  Brooklyn, New York
        September 27, 2024

                                                          /s/
                                                    _____
                                                    DORA L. IRIZARRY
                                                    United States District Judge

19